**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GRAND CANYON TRUST,
2601 N. Fort Valley Road
Flagstaff, AZ 86001

Plaintiff,

vs.

RYAN ZINKE, Secretary of the Interior,
in his official capacity,
1849 C Street, NW,
Washington, D.C. 20240

OFFICE OF THE SECRETARY,
1849 C Street, NW,
Washington, D.C. 20240

and

BUREAU OF LAND MANAGEMENT,
1849 C Street, NW,
Washington, D.C. 20240

Defendants.

Case No: 17-849

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

1. In this action, the Grand Canyon Trust ("Trust") challenges the failure of Ryan Zinke, Secretary of the U.S. Department of the Interior ("Department"), and the Office of the Secretary and the Bureau of Land Management to comply with their statutory obligations under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*.

2. On August 2, 2016, the Trust filed FOIA requests with the Office of the Secretary and the Bureau of Land Management seeking records related to the 2016 Secretarial

Order 3338 - Discretionary Programmatic Environmental Impact Statement to Modernize the Federal Coal Program.

3. As of the date of this Complaint, the Office of the Secretary has failed to make a determination on the FOIA request, including the identification of the records to be released, the records to be withheld, and the reasons for such withholding, and giving notice of the right of appeal; refused to give notice of the date on which the determination would be issued; refused to identify the estimated completion date; and refused to respond in writing to a recent request for this statutorily required information.

4. As of the date of this Complaint, the Bureau of Land Management has failed to make a determination on the FOIA request, including the identification of the records to be released, the records to be withheld, and the reasons for such withholding, and giving notice of the right of appeal; refused to identify an estimated completion date; and ignored a recent request for this statutorily required information.

5. The Office of the Secretary and the Bureau of Land Management are unlawfully withholding and unreasonably delaying the release of records requested by the Trust, and to which the Trust is lawfully entitled under the FOIA. The Trust seeks declaratory and injunctive relief to establish that the Office of the Secretary and the Bureau of Land Management have violated the FOIA, and to compel these agencies to promptly release the requested records to the Trust.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter under FOIA, 5 U.S.C. § 552(a)(4)(B), which grants jurisdiction to the district court of the United States in which the agency records are situated and to the district court for the District of Columbia.

7. The Court also has jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the FOIA, 5 U.S.C. § 552 *et seq*.

8. Injunctive relief is appropriate under the FOIA, 5 U.S.C. § 552(a)(4)(B).

9. Declaratory relief is appropriate under the the Declaratory Judgment Act ("DJA"), 28 U.S.C. § 2201 et seq.

10. Venue is proper in this judicial district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

**PARTIES**

11. Plaintiff GRAND CANYON TRUST is a non-profit corporation with over 3,500 members, including members in states affected by the Federal Coal Program. The Trust maintains its principal place of business in Flagstaff, Arizona, and has offices in Castle Valley, Utah, and Denver and Durango, Colorado. The Trust's mission is to protect and restore the lands, ecosystems, and environment of the Colorado Plateau, including those federal lands for which the mineral estate is owned or managed by the federal government by and through the U.S. Department of the Interior and the Bureau of Land Management pursuant to the Federal Coal Program. On behalf of its members, the Grand Canyon Trust submitted FOIA requests to the Office of the Secretary and the Bureau of Land Management for records related to the 2016 Secretarial Order 1338 requiring the preparation of a Discretionary Programmatic Environmental Impact Statement for the Federal Coal Program. The Trust made these requests in order to understand and disseminate information to the public about the basis and reasoning for the adoption of the Secretarial Order and the process for its implementation.

12. Defendant RYAN ZINKE is the Secretary of the U.S. Department of the Interior ("Department"). Mr. Zinke has supervisory authority over the Department, including the Office of the Secretary and the Bureau of Land Management. Mr. Zinke is sued in his official capacity.

13. Defendant OFFICE OF THE SECRETARY is the administrative office that manages the affairs of the Secretary of the Department, and is responsible for responding to FOIA requests directed to that office.

14. Defendant BUREAU OF LAND MANAGEMENT ("BLM") is an agency of the United States located within the Department, and is responsible for responding to FOIA requests directed to that agency.

**LEGAL BACKGROUND**

15. The FOIA requires an agency of the United States government to make public records available to any person who makes a request that (1) reasonably describes the records sought, and (2) complies with the agency's rules for making such a request. 5 U.S.C. § 552(a)(3)(A).

16. The FOIA requires the agency to issue a determination on the FOIA request within twenty business days from the date of receipt. 5 U.S.C. § 552(a)(6)(A)(i); *see also* 43 C.F.R. § 2.16(a).

17. The agency's determination on the FOIA request shall contain (1) the agency's determination of whether to comply with the request; (2) the reasons for the agency's determination; and (3) notice of the right of the requester to appeal an adverse determination to the head of the agency. 5 U.S.C. § 552(a)(6)(A)(i).

18. The FOIA allows the agency to extend the twenty-business-day deadline by no more than ten business days for “unusual circumstances” by providing a written notice to the

requester that describes the “unusual circumstances” and the date on which the determination will be issued. 5 U.S.C. § 552(a)(6)(B)(ii); *see also* 43 C.F.R. § 2.19(a).

19. The FOIA identifies the permissible grounds for the agency to invoke the "unusual circumstances" provision as (1) the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request; (2) the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request, or (3) the need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein. 5 U.S.C. § 552(a)(6)(B)(iii).

20. The agency's decision to invoke the "unusual circumstances" provision does not absolve the agency from its statutory obligation to identify the date on which the determination will be issued. 5 U.S.C. § 552(a)(6)(B)(i); *see also* 43 C.F.R. § 2.19(a)(2).

21. The FOIA allows the agency to promulgate regulations "providing for multitrack processing of requests for records based on the amount of work or time (or both) involved in processing requests." 5 U.S.C. § 552(a)(6)(D)(i).

22. The Department has adopted regulations to provide for multitrack processing of FOIA requests, including the "complex" track, which allows an additional twenty-one to sixty business days for the agency to process the FOIA request. 43 C.F.R. § 2.15(b)(3).

23. The Department's regulations for multitrack processing of FOIA requests "shall not be considered to affect" the agency's obligation to respond to FOIA requests within the applicable time limits. 5 U.S.C. § 552(a)(6)(D)(iii).

24. The FOIA requires the Department to establish a telephone or internet service to provide information about the status of FOIA requests, including "an estimated date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii); *see also* 43 C.F.R. § 2.15(g)..

25. If the agency fails to comply with the applicable time limits of the FOIA, the FOIA requester is deemed to have exhausted its administrative remedies and may file suit against the agency. 5 U.S.C. § 552(a)(6)(C)(i).

26. The agency bears the burden to prove the legality of its actions under the FOIA. 5 U.S.C. § 552(a)(4)(B).

27. The FOIA grants jurisdiction to the Court "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

## FOIA REQUEST TO THE OFFICE OF THE SECRETARY

28. On August 2, 2016, the Trust submitted a FOIA letter to the Office of the Secretary requesting records related to the 2016 Secretarial Order 3338 - Discretionary Programmatic Environmental Impact Statement to Modernize the Federal Coal Program.

29. On August 16, 2016, the Office of the Secretary sent a letter to the Trust acknowledging receipt of the FOIA request on August 2, 2016, assigning Control Number OS-2016-00398, and invoking the “unusual circumstances” provision in the FOIA and the Department's regulation for the “complex” processing track. The Office of the Secretary's letter did not make a determination on the FOIA request, including the identification of the records to be released, the records to be withheld, the reasons for such withholding, and giving notice of the

right of appeal; did not give notice of the date on which the determination would be issued; and did not identify the estimated completion date.

30. The Office of the Secretary was obligated by the FOIA to issue a final determination on the Trust's FOIA request no later than September 14, 2016. 5 U.S.C. § 552(a)(6)(A)(i); 5 U.S.C. § 552(a)(6)(B)(i).

31. The Office of the Secretary did not issue a determination on the FOIA request, including the identification of the records to be released, the records to be withheld, the reasons for such withholding, and giving notice of the right of appeal, by September 14, 2016.

32. The Department's website for providing information on the status of FOIA requests states that the Office of the Secretary's estimated completion date on the FOIA request is "after 10/27/2016."

33. On October 18, 2016, the Trust sent a letter to the Office of the Secretary objecting to the Office of the Secretary's failure to issue a determination within the statutory deadlines in the FOIA, including its failure to identify the records to be released, the records to be withheld, and the reasons for such withholding, and to give notice of the right of appeal. The Trust also requested that the Office of the Secretary provide an estimated completion date and the basis for that date.

34. On October 20, 2016, the Office of the Secretary sent a letter to the Trust stating that the Office of the Secretary intended to provide records on a rolling basis beginning on or about November 17, 2016, more than two months after the expiration of the statutory deadline in the FOIA. The letter did not make a determination on the FOIA request, including the identification of the records to be released, the records to be withheld, and the reasons for such

withholding, and giving notice of the right of appeal; did not give notice of the date on which the determination would be issued; and did not identify the estimated completion date.

35. The Office of the Secretary provided no records to the Trust by November 17, 2016.

36. On December 2, 2016, the Office of the Secretary sent a letter to the Trust transmitting a "partial response" to the FOIA request consisting of 222 pages of records, and committing to make "periodic responses." The letter did not make a determination on the FOIA request, including the identification of the records to be released, the records to be withheld, the reasons for such withholding, and giving notice of the right of appeal; did not give the date on which the determination would be issued; and did not provide the schedule for making "periodic responses."

37. On January 17, 2017, the Office of the Secretary sent an electronic message to the Trust stating that it had identified 8,000 additional pages of records, and "expect[ed] to provide a final response in early February."

38. The Office of the Secretary provided no records to the Trust in February 2017.

39. On March 17, 2017, the Trust sent an electronic message to the Office of the Secretary requesting a determination on the Trust's FOIA request and additional information about the Office of the Secretary's failure to provide records in February 2017.

40. On March 20, 2017, the Office of the Secretary sent an electronic message to the Trust stating that the records were in "the final, routine stage of review." The electronic message also stated: "It is currently being determined whether that material is responsive to your request. Any information deemed responsive will be provided to you in a separate response in accordance with your previous instructions."

41. On April 17 and 24, 2017, the Office of the Secretary sent a letter to the Trust transmitting letters that it had sent to BNI Energy, Alton Coal Development, L.L.C., and Bowie Resource Partners ("Coal Companies"). The letters informed the Coal Companies that they had submitted information to the Office of the Secretary that was responsive to the Trust's FOIA request, and invited them to submit a statement objecting to the release of any information that they believed to be exempt from disclosure under the FOIA.

42. On May 1, 2017, the Trust sent a letter to the Office of the Secretary objecting to its continued failure to comply with the statutory obligations in the FOIA, and requesting that it identify the estimated completion date and provide a disclosure plan for the release of records no later than the close of business on May 3, 2017.

43. On May 3, 2017, the Office of the Secretary informed the Trust that it would not respond in writing to the May 1, 2017 letter, and would not provide a revised estimated completion date or disclosure plan for the release of records. The Office of the Secretary stated that the records submitted by the Coal Companies constituted less than 100 pages, but that the Office of the Secretary would require at least another two months to complete its review. The Office of the Secretary also stated that the review probably would take much longer because the Office of the Secretary could not dictate the work schedule of its attorneys. The Office of the Secretary further stated that it could not release the remaining 8,000 pages of records responsive to the Trust's FOIA request until after review by the attorneys in its office, and that it could not estimate how long those attorneys would need to complete their review.

44. The Office of the Secretary's decision to invoke the Department's regulation for the “complex” processing track did not absolve the Office of the Secretary of its obligation under the FOIA to issue a determination no later than September 14, 2016. Even if the Department's

regulation had such effect, the Office of the Secretary was obligated to issue a determination no later than December 9, 2016. 43 C.F.R. § 2.15(c)(3).

45. The Office of the Secretary did not make a determination on the FOIA request, including the identification of the records to be released, the records to be withheld, and the reasons for such withholding, and giving notice of the right of appeal; did not give notice of the date on which the determination would be issued; and did not identify the estimated completion date by December 9, 2016.

46. As of the date of this Complaint, the Office of the Secretary has provided no additional records to the Trust.

47. As of the date of this Complaint, the Office of the Secretary has failed to comply with its obligation to issue a determination on the FOIA request by the statutory deadline, including the identification of the records to be released, the records to be withheld, the reasons for such withholding, and giving notice of the right of appeal; failed to explain or justify its continued breach of the statutory deadline; failed to give notice of the date on which the determination would be issued; failed to provide an estimated completion date; and failed to meet its own disclosure plan for responsive records.

**FOIA REQUEST TO THE BUREAU OF LAND MANAGEMENT**

48. On August 2, 2016, the Trust submitted a FOIA letter to the BLM requesting records related to the 2016 Secretarial Order 3338 - Discretionary Programmatic Environmental Impact Statement to Modernize the Federal Coal Program.

49. On August 16, 2016, the BLM sent an electronic message to the Trust acknowledging receipt of the FOIA request on August 2, 2016, assigning Control Number 2016-00871, and invoking the Department's regulation for “complex” requests. The BLM's letter did

not make a determination on the FOIA request, including the identification of the records to be released, the records to be withheld, the reasons for such withholding, and giving notice of the right of appeal; and did not identify the estimated completion date.

50. The BLM did not invoke the "unusual circumstances" provision in the FOIA. 5 U.S.C. § 552(a)(6)(B)(i).

51. The BLM was obligated by the FOIA to issue a determination on the Trust's FOIA request no later than August 30, 2016. 5 U.S.C. § 552(a)(6)(A)(i).

52. The BLM did not issue a determination on the FOIA request, including the identification of the records to be released, the records to be withheld, the reasons for such withholding, and giving notice of the right of appeal, by August 30, 2016.

53. The Department's website for providing information on the status of FOIA requests does not identify the BLM's estimated completion date on Plaintiff's FOIA request. A search on the assigned control number states: "The search returned no result."

54. On or about October 10, 2016, the BLM informed the Trust that it would require "at least a year to compile and produce the responsive documents."

55. On October 17, 2016, the Trust sent a letter to the BLM objecting to its failure to make a determination within the statutory deadlines in the FOIA, including the identification of the records to be released, the records to be withheld, the reasons for such withholding, and giving notice of the right of appeal. The Trust also requested that the BLM provide an explanation for the estimated completion date.

56. On October 27, 2016, the BLM sent an electronic message to the Grand Canyon Trust stating that it would "be in contact with [Grand Canyon Trust], no later than Tuesday, November 1 to provide you with either a timeline or records release schedule."

57. On November 2, 2016, the BLM sent an electronic message to Grand Canyon Trust stating that it would provide records on a monthly basis beginning in two weeks.

58. The BLM provided no records to Grand Canyon Trust in November 2016.

59. On December 1, 2016, the Trust sent an electronic message to the BLM inquiring about the records promised by the BLM in November 2016.

60. On December 5, 2016, the BLM sent an electronic message to the Trust promising to provide two sets of records by December 9, 2016 and December 15, 2016.

61. On December 6, 2016, the BLM sent a letter to the Trust transmitting twelve (12) pages of records. The letter characterized the transmittal as a "partial release" and gave notice of the right to appeal the partial release, but it did not make a determination on the FOIA request, including the identification of the records to be released, the records to be withheld, and the reasons for such withholding; and did not identify the estimated completion date.

62. The BLM provided no records to the Trust on December 9 or 15, 2016.

63. On January 3, 2017, the BLM sent an electronic message to the Trust stating that it was almost done reviewing a "substantial amount" of records and would release them soon.

64. On February 28, 2017, the BLM sent an electronic message to the Trust committing to provide two sets of records by the end of March 2017.

65. The BLM provided no additional records to the Trust by the end of March 2017.

66. On May 1, 2017, the Trust sent a letter to the BLM objecting to its continued failure to comply with the statutory obligations in the FOIA, and requesting that it identify the estimated completion date and provide a disclosure plan for the release of records no later than the close of business on May 3, 2017.

67. As of the date of this Complaint, the BLM has not responded to the May 1, 2017

letter.

68. The BLM's decision to invoke the Department's regulation for the complex processing track did not absolve the BLM of its obligation under the FOIA to issue a determination by September 14, 2016. Even if the Department's regulation had such effect, the BLM was obligated by the Department's regulation to issue a determination no later than December 9, 2016. 43 C.F.R. § 2.15(c)(3).

69. The BLM did not make a determination on the FOIA request, including the identification of the records to be released, the records to be withheld, and the reasons for such withholding, and giving notice of the right of appeal by December 9, 2016.

70. As of the date of this Complaint, the BLM has provided no additional records to the Trust.

71. As of the date of this Complaint, the BLM has failed to comply with its obligation to issue a determination on the FOIA request by the statutory deadline, including the identification of the records to be released, the records to be withheld, the reasons for such withholding, and giving notice of the right of appeal; failed to explain or justify its continued breach of the statutory deadline; failed to provide an estimated completion date; and failed to meet its own disclosure plan for responsive records.

## CAUSES OF ACTION

### COUNT 1
### VIOLATION OF FREEDOM OF INFORMATION ACT

(The Office of the Secretary)

72. The allegations made in all preceding paragraphs are realleged and incorporated by reference.

73. Plaintiff has a statutory right to have the Office of the Secretary process its FOIA request in a manner that complies with the FOIA.

74. Plaintiff filed its FOIA request with the Office of the Secretary on August 2, 2016, and is still waiting for the Office of the Secretary's determination and the production of responsive FOIA records.

75. The Office of the Secretary failed to comply with the statutory deadline for issuing a determination on Plaintiff's FOIA request. The Office of the Secretary failed to make a determination within twenty business days from the date of receipt of the FOIA request pursuant to 5 U.S.C. § 552(a)(6)(A)(i); failed to make a determination within thirty business days from the date of receipt of the FOIA request pursuant to 5 U.S.C. § 552(a)(6)(B)(i); failed to make a determination on the FOIA request from which Plaintiff could exercise its statutory right of appeal, 5 U.S.C. § 552(a)(6)(A)(i); and failed to provide all records responsive to the FOIA request.

76. Even if the Office of the Secretary properly invoked the Department's regulation for multitrack processing of Plaintiff's FOIA request, and even if the Department's regulation were lawful under the FOIA, the Office of the Secretary failed to comply with the deadline in the Department's regulation for making a determination on the FOIA request and failed to provide all records responsive to the FOIA request. 43 C.F.R. § 2.15(b)(3).

77. The Office of the Secretary failed to provide an estimated date on which the agency would complete action on Plaintiff's FOIA request. 5 U.S.C. § 552(a)(7)(B)(ii).

78. Because the Office of the Secretary failed to comply with the statutory deadline for issuing a determination on Plaintiff's FOIA request and failed to provide all records

responsive to its FOIA request, Plaintiff is deemed to have exhausted its administrative remedies against the Office of the Secretary. 5 U.S.C. §§ 552(a)(6)(C)(i).

## COUNT 2
## VIOLATION OF FREEDOM OF INFORMATION ACT

(The BLM)

79. The allegations made in all preceding paragraphs are realleged and incorporated by reference.

80. Plaintiff has a statutory right to have the BLM process its FOIA request in a manner that complies with the FOIA.

81. Plaintiff filed its FOIA request with the BLM on August 2, 2016, and is still waiting for the BLM's determination and the production of responsive FOIA records.

82. The BLM failed to comply with the statutory deadline for issuing a determination on Plaintiff's FOIA request. The BLM failed to make a determination within twenty business days from the date of receipt of the FOIA request pursuant to 5 U.S.C. § 552(a)(6)(A)(i); failed to make a determination on the FOIA request from which Plaintiff could exercise its statutory right of appeal, 5 U.S.C. § 552(a)(6)(A)(i); and failed to provide all records responsive to the FOIA request.

83. Even if the BLM properly invoked the Department's regulation for multitrack processing of Plaintiff's FOIA request, and even if the Department's regulation were lawful under the FOIA, the BLM failed to comply with the deadline in the Department's regulation for making a determination on the FOIA request and failed to provide all records responsive to the FOIA requests. 43 C.F.R. § 2.15(b)(3).

84. The BLM failed to provide an estimated completion date on which the agency would complete action on Plaintiff's FOIA request. 5 U.S.C. § 552(a)(7)(B)(ii).

85. Because the BLM failed to comply with the statutory deadline for issuing a determination on Plaintiff's FOIA request and failed to provide all records responsive to the FOIA request, Plaintiff is deemed to have exhausted its administrative remedies against the BLM. 5 U.S.C. §§ 552(a)(6)(C)(i).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

1. Order Defendants to provide the Grand Canyon Trust with all responsive records by a specified date in unredacted form unless an exemption is applicable and properly asserted.

2. Declare Defendants' failure to provide the Grand Canyon Trust with a determination within the statutory deadline as unlawful under the FOIA.

3. Declare Defendants' failure to provide an estimated completion date as unlawful under the FOIA.

4. Award Plaintiff its costs and reasonable attorneys' fees pursuant to 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412, and any other applicable law.

5. Grant such other and further relief as may be necessary and appropriate or as the Court deems just and proper.

Respectfully submitted,

Dated: May 9, 2017

_______/s/Matt Kenna_________________
Matt Kenna (D.D.C. Bar #CO0028)
Public Interest Environmental Law
679 E. 2nd Avenue, Suite 11B
Durango, Colorado 81301
(970) 749-9149
matt@kenna.net

_____/s/Eric Ames_______________
Eric Ames (New Mexico Bar No. 6923)
*Pro Hac Vice Application Pending*
Law Office of Eric Ames
3005 South St. Francis Drive
Suite 1D, Box 490
Santa Fe, New Mexico 87505
(575) 741-1231
ericameslaw@gmail.com

*Plaintiff's Attorneys*