# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GRAND CANYON TRUST,            )<br>                                               )<br>                       Plaintiff,      )<br>                                               )<br>       vs.                                   )<br>                                               )<br>RYAN ZINKE, SECRETARY OF THE )<br>INTERIOR; OFFICE OF THE SECRETARY; )<br>and BUREAU OF LAND MANAGEMENT, )<br>                                               )<br>                       Defendants.  )<br>                                               ) | Case 1:17-cv-00849-BAH |

## PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS AND MEMORANDUM IN SUPPORT

Plaintiff Grand Canyon Trust, pursuant to 5 U.S.C. § 552(a)(4)(E), requests that it be awarded $60,785.12 in attorneys' fees and costs in the above-captioned action (in addition to fees necessary for the reply in support). The parties attempted to settle this claim but were unable to, making this motion necessary.

# TABLE OF CONTENTS- MEMORNADUM IN SUPPORT

Factual Background……………………………………………………………………..1

ARGUMENT:

I.  The Trust is Eligible and Entitled to an Award of Attorney's Fees……………1

    A.  The Trust is Eligible for an Award because it has Substantially Prevailed……………………………………………………………………...…..2

    B.  The Trust is Entitled to an Award……………………………………....…….4

        1.  The Production of Records Provided a Public Benefit………………....4

        2.  There is No Commercial Benefit to the Trust…………………………..5

        3.  The Government's Withholding was Not Reasonable…………………..6

II. The Requested Award is Reasonable under the Lodestar Formula…………....7

    A.  The Trust's Requested Hours are Reasonable……………………………..…8

    B.  The Trust's Requested Rates are Reasonable………………………………..11

III. The Trust is Entitled to Reimbursement for Other Litigation Costs…………11

CONCLUSION……………………………………………………………………....12

**MEMORNADUM IN SUPPORT**

**Factual Background**

Plaintiff Grand Canyon Trust (the Trust) filed this suit against the two defendant government agencies when they failed to issue final determinations and provide the requested documents within the deadlines prescribed by the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  The document requests were made by the Trust on August 6, 2016 and concerned the agencies' coal program on federal land.  However, after many months of inquiries by the Trust (discussed in more detail below and in the attached declarations), the agencies had still not issued final determinations on the requests or provided the requested documents.  So, after determining that the determinations and documents would not be forthcoming in a timely manner, the Trust filed suit on May 9, 2017.  Subsequent to that filing and pursuant to a schedule agreed upon by the Trust's attorneys and the Department of Justice, the agencies complied, making final determinations on the Trusts' FOIA requests and providing the requested records (while redacting some documents by asserting various privileges which the Trust did not challenge).

For these reasons and the others provided below, the Trust is entitled to their reasonable attorney fees and other litigation costs.

**Argument**

**I.     The Trust is Eligible and Entitled to an Award of Attorney's Fees.**

FOIA provides that courts "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case in which the

complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). To obtain an award, the requestor must demonstrate that 1) it is eligible for an award because it has "substantially prevailed," and 2) it is entitled to an award. *Brayton v. Office of the U.S. Trade Rep.*, 641 F.3d 521, 524 (D.C. Cir. 2011). "A plaintiff who has proven both eligibility for and entitlement to fees must submit his fee bill to the court for its scrutiny of the reasonableness of (a) the number of hours expended and (b) the hourly fee claimed." *U.S. Dep't of Commerce*, 470 F.3d 363, 369 (D.C. Cir. 2016).

### A. The Trust is Eligible for an Award because it has Substantially Prevailed.

A complainant has "substantially prevailed" if it has obtained relief through "a voluntary or unilateral change in position by the agency, [and] if the complainant's claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). The question under this "catalyst theory" is whether "the institution and prosecution of the litigation cause[d] the agency to release the documents obtained during the pendency of litigation." *EPIC v. U.S. Dep't of Homeland Sec.*, 811 F. Supp. 2d 216, 232 (D. D.C. 2011). When an agency responds to a FOIA request during litigation, this Court has found there has been a "voluntary or unilateral change in position." *Id.* at 233. "The *sin quo non* of eligibility is the release of tangible records." *CREW v. DOJ*, 83 F. Supp. 3d 297, 305 (D. D.C. 2015). "Indeed, an agency's 'sudden acceleration' in processing a FOIA request may lead to the conclusion that the lawsuit substantially caused the agency's compliance with FOIA." *EPIC v. U.S. Dept. of Homeland Sec.,* 218 F. Supp. 3d 27, 41 (D. D.C. 2016), citing *Pravlik &*

*Millian, LLP v. Centers for Medicare and Medicaid Services*, 794 F. Supp. 2d 29, 38 (D. D.C. 2011).

The Trust meets this standard here as evident by the agencies' failure to comply with FOIA deadlines before the Complaint was filed. FOIA provides that unless exceptional circumstances exist (in which case the deadline is thirty working days), an agency must provide a "determination" with respect to a FOIA request or internal appeal within twenty working days of receipt. *See* 5 U.S.C. § 552(a)(6)(A)(i)-(ii). A "determination" need not be the full production of documents, but at a minimum the agency must inform the requester what documents it will produce and the exceptions it will claim in withholding documents. *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n,* 711 F.3d 180, 184 (D.C. Cir. 2013). An untimely response is a violation of FOIA, regardless of the final outcome of the request. *Gilmore v. United States Dept. of Energy*, 33 F. Supp. 2d 1184, 1188 (N.D. Cal. 1998) ("untimely determination constituted an improper withholding in violation of FOIA, even though the documents were later correctly determined not to be subject to disclosure.").

After the August 2016 FOIA request was submitted, the agencies had missed their FOIA deadlines by many months, and the Trust's repeated pre-litigation attempts to secure a determination and the documents requested were unsuccessful. Levine Decl. ¶ 9; Ames Decl. ¶ 4. It was not until after the Trust filed suit on May 7, 2017 that the agencies complied with their FOIA duties and a series

of deadlines were negotiated for releasing the requested documents. Levine Decl. ¶ 10.  Accordingly, the Trust "substantially prevailed" here.

### B. The Trust is Entitled to an Award.

Before granting an award of attorney's fees and costs to a "substantially prevailing" plaintiff, the Court must also find the Trust is entitled to fees.  Courts consider the following entitlement factors: 1) whether there was a public benefit derived from the case; 2) whether there was any the commercial benefit to the plaintiff; 3) the nature of the plaintiff's interest in the records; and 4) whether the Government had a reasonable basis for withholding requested information. *Davy v. CIA*, 550 F.3d 115, 159 (D.C. Cir. 2008).  The Court must balance all four factors in determining a requestor's entitlement to fees. *Judicial Watch, Inc., v. FBI*, 522 F.3d 364, 371 (D.C. Cir. 2008).  However, none of the factors are individually dispositive. *Davy*, 550 F.3d at 1159.  The balancing of these factors here supports awarding attorney's fees to the Trust.

### 1.  The Production of Records Provided a Public Benefit.

A FOIA action results in a public benefit when the plaintiff's victory is "likely to add to the fund of information that citizens may use in making vital political choices." *Cotton v. Heyman*, 63 F.3d 1115, 1120 (D.C. Cir. 1995).  The Court looks to the purpose of the request and not just the information derived from the records. *PETA v. NIH,* 130 F. Supp. 3d 156, 164 (D. D.C. 2015).  To assess the public benefit derived from the case, the court must consider "both the effect of the litigation for

which fees are requested and the potential public value of the information sought." *Davy,* 550 F.3d at 1159.

Here, the request relates to the Trust's interest in coal programs on federal land. As stated by Trust attorney Neil Levine:

> My involvement in this case began when I submitted, on behalf of the Grand Canyon Trust, Freedom of Information Act (FOIA) requests to the Bureau of Land Management and Secretary of Interior's Office to obtain all documents supporting the January 2016 Secretarial Order on federal land coal leasing. The Trust has been active in opposing new and expanded mining operations on the Colorado Plateau, and the Secretarial Order paused public land leasing for coal operations and initiated a comprehension nationwide review of the federal program under the National Environmental Policy Act. We believed that the Order's supporting documentation could help the Trust's advocacy against coal leasing and mining, including proposed expanded operations at Colorado's West Elk mine and the Utah mines known as Flat Canyon, Greens Hollow and Alton.
>
> \*     \*     \*
>
> The Trust's staff has been using some of the responsive documents to inform its advocacy against the approval of coal leases and mining plans in Colorado and Utah, including the information detailing artificially low royalty rates, the climate change impacts caused by leasing federally controlled coal, the amount of coal that was leased before the Secretarial Order and would be mined despite the pause, and the extent to which U.S. coal must be exported to foreign markets to ensure the economic viability of the enterprise.

Levine Decl. ¶¶ 8, 11. In short, obtaining these documents provided a public benefit by securing significant information showing how developing coal deposits on federal land could affect the environment and the public fisc.

### 2. There is No Commercial Benefit to the Trust.

The second and third factors – whether the plaintiff will derive commercial benefit from disclosure and the nature of the plaintiff's interests in the records – are "closely related and often considered together." *Tax Analysts v. U.S. Dep't of*

PLAINTIFF'S MOTION FOR ATTONREY FEES AND COSTS                                           5

*Justice,* 759 F. Supp. 28, 30 (citing *Fenster v. Brown,* 617 F.2d 740, 743 (D.C. Cir. 1979). "The factors tend to favor non-profit organizations which aim to ferret out and make public worthwhile, previously unknown government information-precisely the activity that the FOIA fee provisions seek to promote." *EPIC v. US Dept. of Homeland Security*, 999 F. Supp. 2d 61, 69 (D. D.C. 2013).

These factors favor the Trust here. "The Trust is a non-profit organization dedicated to preserving the Colorado Plateau, Colorado River, and Grand Canyon National Park." Levine Decl. ¶ 7; Complaint ¶ 11. The Trust derived no commercial benefit from obtaining the requested documents, and instead has only benefited by being able to use the documents in its public interest advocacy efforts. Levine Decl. ¶¶ 8, 11. Accordingly, the Trust's entirely non-commercial motive and its interest in obtaining and disseminating the records at issue here entitle it to an award of attorney's fees and costs.

### 3. The Government's Withholding was Not Reasonable.

With respect to the final factor, the court considers: 1) whether "the agency's opposition to disclosure had a reasonable basis in law" and 2) whether the agency was "recalcitrant in its opposition to a valid claim or otherwise engaged in obdurate behavior." *Davy,* 550 F.3d 1162. The agency carries the burden of showing it behaved reasonably. *Id.* at 1163.

An agency does not act reasonably where it does not substantially comply with FOIA's deadlines until after the suit is filed. *EPIC*, 218 F. Supp. 3d at 46. The Trust's FOIA requests were made in August of 2016, but other than providing an

acknowledgment that the records requests were received, the agencies took little action for months. Complaint & Answer ¶¶ 28-35, 48-58; Levine Decl. ¶ 9; Ames Decl. ¶ 4. The government provided a partial release of documents in December of 2016, but provided no other documents and issued no final "determinations" on the records requests before the Trust filed suit in May of 2017. Complaint & Answer ¶¶ 36-46, 61-70; Levine Decl. ¶ 9; Ames Decl. ¶ 4; *see* 5 U.S.C. § 552(a)(6)(A)(i) (requiring final determination within 20 working days of request), 5 U.S.C. § 552(a)(6)(B)(i) ("unusual circumstances" determination extends deadlines by only 10 working days).

The Trust's litigation of their FOIA requests and the government's production of its final determinations and production of documents after the Complaint was filed led to important information entering the public forum. Because of the public interest in this case and the Trust's non-commercial motive in obtaining and disseminating the responsive records, an award of attorney's fees and other litigation expenses is amply justified.

II.     **The Requested Award is Reasonable under the Lodestar Formula.**

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). There is a "strong presumption" that the "lodestar" amount represents a "reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 561 (1992). Public-interest attorneys may be

awarded reasonable attorneys' fees calculated "according to the prevailing market rates in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 896 (1984).

### A. The Trust's Requested Hours are Reasonable.

"The key question is whether the work was reasonably done in pursuit of the ultimate result. In other words, would a private attorney being paid by a client reasonably have engaged in similar time expenditures?" *Goos v. National Ass'n of Realtors*, 68 F.3d 1380, 1385-86 (D.C. Cir. 1996) (citation omitted). In order to determine whether the number of hours expended on an issue is reasonable, plaintiff's counsel "should identify the general subject matter of his time expenditures." *Hensley*, 461 U.S. at 437 n.12. To deny compensation, "it must appear that the time claimed is obviously and convincingly excessive under the circumstances." *City of Riverside v. Rivera*, 477 U.S. 561, 570 n.4 (1985). A "court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Further, "[i]t is settled in this circuit that hours reasonably devoted to a request for fees are compensable." *Judicial Watch, Inc. v U.S. Dept. of Justice*, 878 F. Supp. 2d. 225, 240 (D. D.C. 2012) (citation and internal quotation marks omitted).

The three attorneys that worked on this case have attached itemized timesheets to their declarations. Declaration of Eric Ames, Declaration of Matt Kenna, Declaration of Neil Levine. As detailed in the additional declaration of

attorney fee expert David Bahr, in prosecuting this case, the Trust's attorneys expended reasonable hours engaged in normal justified tasks. Bahr Decl. ¶¶ 16-25.

While the time claimed may exceed that of some simpler FOIA deadline suits, "which involve a request to a single agency which does not respond, followed by the filing of a complaint, the agencies in this case engaged in a process of partial compliance and inconsistent representations over several months which had the effect of creating factual and legal issues that had to be resolved before the complaint was filed, and required additional time to fully and accurately describe and relate to the applicable claims in the complaint itself." Ames Decl. ¶ 4 (explaining the facts supporting this). As explained by Mr. Bahr, "it was apparent even from early in the case development that this case was not just a "straightforward failure to respond FOIA case" of a type that could litigated "on the cheap." Bahr Decl. ¶¶ 22-23.

The government might argue that Mr. Levine's time spent reviewing the agencies' records and redactions is not compensable. *See* Levine Decl. ¶ 10. However, this District has found that such time is compensable as necessary to conduct the litigation. *EPIC*, 811 F.Supp.2d at 239-40 ("[I]t would seem critical to the prosecution of a FOIA lawsuit for a plaintiff to review an agency's disclosure for sufficiency and proper withholding during the course of its FOIA litigation. The court thus awards fees related to the plaintiff's review of [the government's] disclosures."); *EPIC. v. FBI*, 72 F. Supp. 3d 338, 351 (D. D.C. 2014) ("While [plaintiff] did not subsequently challenge any of the FBI's redactions or seek further

Court-ordered relief after the FBI finally produced the requested documents, it needed to review the documents before making those decisions."); *EPIC. v. FBI*, 80 F. Supp. 3d 149, 159 (D. D.C. 2015) ("[T]o the extent that the released documents are being reviewed to evaluate the sufficiency of the release or the propriety of a specific withholding so that the attorney can then challenge the release or withholding, such document review time is properly included in a FOIA attorney's fees award.").

While there have been decisions denying compensation for time reviewing records, those seem to involve a plaintiff reviewing them for substantive issues and the purposes for which the organization submitted the document request, rather than for determining whether to challenge redactions in further litigation. *See CREW v. DOJ*, 825 F. Supp. 2d 226, 231 (D. D.C. 2011) (emphasizing that "FOIA provides that a plaintiff may recover 'attorney fees and other *litigation* costs reasonably incurred in any case'") (quoting and adding emphasis to 5 U.S.C. § 552(a)(4)(E)(i)). Here, Mr. Levine's time spent reviewing the provided records was only done to determine whether Plaintiff would challenge the withheld redactions. Levine Decl. ¶ 10. While other staff within Grand Canyon Trust of course reviewed the records for the organization's program work, Plaintiff is not claiming time spent on that activity. *Id.* ¶ 11.

For these reasons, the requested time is reasonable and compensable.

### B. The Trust's Requested Rates are Reasonable.

It is well established that awards for attorneys' fees in this district should generally be calculated based on the U.S. Attorney Office's Fee Matrix (aka *Laffey* Matrix- *see* Bahr Decl. 16 n.1) because, in the absence of a specific sub-market analysis of attorneys' fees, "use of the broad *Laffey* Matrix may be by default the most accurate evidence of a reasonable hourly rate." *Covington v. Dist. of Columbia*, 57 F.3d 1101, 1114 n. 5 (D.C. Cir.1995). Likewise, Mr. Bahr opines that the fee requested under this matrix should be used here. Bahr Dec. ¶ 19. A copy of the matrix is attached as Exhibit A to the Declaration of David Bahr, and those rates have been applied in the Trust's calculations.

### III. The Trust is Entitled to Reimbursement for Other Litigation Costs

The Trust has incurred other litigation costs of $1,222.92. This consists of the $400.00 filing fee, $100.00 Pro Hac Vice fee for Eric Ames, $37.83 in service and mail fees, and $685.09 in printing costs of the documents produced in electronic format by the agencies in response to this suit. Ames Decl. Exh. B p. 4; Levine Decl. ¶ 10 & Exh. B thereto ("[T]o determine the scope of the redactions and whether they had been properly withheld based on the asserted privileges [] I needed to print out the documents that we received in PDF electronic format so that I could take notes . . ..").

**CONCLUSION**

For the foregoing reasons, the Trust respectfully requests that it be awarded $59,562.20 in attorneys' fee and $1,222.92 in other litigation costs and pursuant to 5 U.S.C. §552(a)(4)(E) for a total of $60,785.12, in addition to fees required to prepare the reply in support of this motion, which will be detailed in the reply.

Respectfully submitted January 19, 2018

/s/Matt Kenna
MATT KENNA (D.D.C. Bar #CO0028)
Public Interest Environmental Law
679 E. 2nd Avenue, Suite 11B
Durango, Colorado 81301
(970) 749-9149
matt@kenna.net

*Attorney for Plaintiff*